## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| LAKE COUNTY, ILLINOIS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | Case No. 1:23-cv-2402 |
| ELI LILLY AND COMPANY, et al. | ) | |
| | ) | Honorable Lashonda Hunt |
| *Defendants*. | ) | |
| | ) | |
| | ) | |
| | ) | |

## UNITEDHEALTH GROUP, INC., OPTUMRX, INC., OPTUM, INC., AND OPTUMINSIGHT, INC.'S MOTION TO SEAL

In accordance with Local Rule 26.2, Defendants UnitedHealth Group, Inc., OptumRx, Inc., Optum, Inc., and OptumInsight, Inc., (collectively the "Defendants") move for an Order sealing Exhibit A to the Declaration of David Liou in Support of the Defendants' Motion to Dismiss, which is a Prescription Drug Benefit Administration Agreement between Plaintiff Lake County, Illinois (the "County") and OptumRx, Inc. ("OptumRx"), dated January 1, 2018 (the "PBM Agreement").

Under Local Rule 26.2, "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal." A document that "contains a sufficient level of sensitive competitive information" will "warrant protection under Seventh Circuit law, so as to support good cause for sealing under Local Rule 26.2." *Diamond Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg.*, No. 19 C 7675, 2021 U.S. Dist. LEXIS 58495, at *18 (N.D. Ill. Mar. 26, 2021); *see Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (noting that "documents . . .

that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality").

Good cause exists to justify sealing the PBM Agreement. Per the terms of the Agreement, the parties agree that the information contained in the Agreement is confidential and treat it as such. Further, as set forth in the Declaration of David Liou, the PBM Agreement contains confidential and commercially sensitive information that would cause competitive harm if it were publicly disclosed. In particular, the PBM Agreement contains detailed information about compensation, payment, and audit rights. The PBM Agreement further contains detailed information about OptumRx's Pharmaceutical and Therapeutics Committee and Mail Order Pharmacy Services. And it includes proprietary definitions and the terms of OptumRx's services to the County.

The proprietary and sensitive nature of the information contained within the PBM Agreement justifies sealing it. *See Diamon Servs.* 2021 U.S. Dist. LEXIS 58495 at *18 (finding good cause to seal an agreement that contained "a sufficient level of sensitive competitive information"). If this commercially sensitive business information were made available to OptumRx's competitors, it would harm OptumRx and could reduce competition. If competitors knew about the particular terms of OptumRx's agreement with the County, they could use that information to enhance their own bargaining position and lure business away from OptumRx. Those competitors would have done nothing to earn the competitive advantage. *See SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, Circuit Judge) (sealing contract that, if disclosed, would have given competitors an "unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstance of the agreement's having become caught up in litigation").

For these reasons, the Defendants request the Court grant their Motion to Seal the PBM Agreement as Exhibit A to the Declaration of David Liou.

Dated:     July 14, 2023          Respectfully submitted,

By:   */s/ Patricia Brown Holmes*
Patricia Brown Holmes
Lucas Rael
**RILEY SAFER HOLMES & CANCILA LLP**
70 W Madison St Suite 2900
Chicago, IL 60602
T: (312) 471-8700
pholmes@rshc-law.com
lrael@rshc-law.com

Brian D. Boone (*pro hac vice* application forthcoming)
Michael Hoernlein (*pro hac vice* application forthcoming)
**ALSTON & BIRD LLP**
1120 S. Tryon Street, Suite 300
Charlotte, NC 28280
T: (704) 444-1000
brian.boone@alston.com
michael.hoernlein@alston.com

Kelley Barnaby (*pro hac vice* application forthcoming)
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
T: (202) 239-3687
kelley.barnaby@alston.com

Elizabeth Broadway Brown (*pro hac vice* application forthcoming)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
T: (404) 881-7000
liz.brown@alston.com

*Attorneys for Defendant OptumRx, Inc., Optum,
Inc., OptumInsight, Inc., and UnitedHealth Group,
Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Patricia Brown Holmes*
Patricia Brown Holmes